IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RENEE P. GARCIA,<br><br>**Plaintiff**,<br><br>v.<br><br>JAMES B. PEAKE, SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS,<br><br>**Defendants**. | CIVIL NO. 08-1701 (FAB) |

**OPINION & ORDER**

BESOSA, District Judge

Pending before the Court is defendant's motion for summary judgment.  (Docket No. 15.)  Having considered the arguments contained in defendant's motion, plaintiff's opposition, and defendant's reply, the Court **GRANTS IN PART AND DENIES IN PART** the motion for summary judgment.

**DISCUSSION**

**I.  Background**

    **A.  Procedural Background**

On June 30, 2008, Renee P. Garcia ("Garcia" or "plaintiff") filed a complaint against James B. Peake in his official capacity as the Secretary of the Department of Veterans Affairs, alleging discrimination on the basis of national origin and gender.  (See Docket No. 1.)  Specifically, plaintiff brings a hostile work environment claim and four disparate treatment claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title

Civil No. 08-1701 (FAB)                                                    2

VII"), 42 U.S.C. §§ 2000e-2000e-15.  Id.  Plaintiff's four claims of disparate treatment find their basis in her allegations that: (1) she was not selected for the position of Supervisor, Human Resources Specialist; (2) she was not selected for the position of Equal Employment Manager; (3) she was denied the opportunity for skill training; and (4) she was denied written performance evaluations for the years 2005, 2006, and 2007.  (Docket No. 1 at ¶¶ 7-13.)

Defendant's motion for summary judgment argues that although plaintiff has established a *prima facie* case of sex and national origin discrimination with regard to her first three disparate treatment claims, she cannot establish that defendant's articulated nondiscriminatory reasons with regard to those claims are pretext for discrimination.  (See Docket No. 17 at 15-19.) Defendant does not properly address plaintiff's hostile work environment claim or her fourth disparate treatment claim.[1] (See Docket No. 17.)  On February 23, 2010, plaintiff filed her

---

[1] Defendant includes a section entitled "Procedural Dismissal."  (Docket No. 17 at 2-4.)  This section describes the administrative dismissal of certain claims, including the hostile work environment claim and disparate treatment claim regarding denial of performance evaluations.  Id. at 4. Defendant makes no argument as to the effect of the administrative dismissal of those claims on this case.  See id. at 2-4.  Neither does defendant reiterate the grounds for the administrative agency's action as an argument for the dismissal of those claims as raised in the complaint.  See id.  The Court refuses to divine defendant's intentions as to the inclusion of this procedural history and declines to take action with regard to these claims on summary judgment absent properly supported argument.

opposition to the motion for summary judgment, failing to address the issue of pretext. (Docket No. 22.) Plaintiff only reiterated her description of the events which she claims to be discriminatory. See id.

### B. Failure to Comply with Local Rule 56

Local Rule 56(c) requires a non-moving party to file with its opposition "a separate, short, and concise statement of material facts" which shall "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule." Local Rule 56(c) also requires that, if the nonmoving party includes any additional facts, such facts must be in a separate section, set forth in separate numbered paragraphs, and be supported by a record citation.

The First Circuit Court of Appeals has "repeatedly . . . emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Caban Hernandez v. Phillip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is- and what is not- genuinely controverted.'" Id. (quoting Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at

Civil No. 08-1701 (FAB)                                                4

their peril."  Id.  Where a party does not act in compliance with Local Rule 56, "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Id. (citing Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004)).

Plaintiff has largely failed to comply with the requirements of Local Rule 56(c).  Although plaintiff admitted several of the assertions contained in defendants' statement of material facts, she failed to deny or qualify properly most of the remaining assertions.  (See Docket No. 23.)  Instead of supporting her denials of defendant's assertions with specific record citation as required by Local Rule 56, plaintiff denies assertions accompanied by one of a few repeated general explanations.  See id. These general explanations include plaintiff's constant assertion that defendant's reference to the record is incorrect, lacks substance, or is too vague.  See id.  Only fifteen of these general explanations are correct in pointing out some fault with defendant's statement of uncontested facts, and all of them lack the specific citation to the record necessary to constitute a proper denial under Local Rule 56(c).  (See Docket No. 23 at ¶¶ 39-54, 56.)  Accordingly, plaintiff's attempted denials in her opposing statement of uncontested facts at paragraphs 8-14, 17-19,

Civil No. 08-1701 (FAB)                                                 5

25-32, 35-37, 55, and 57-73, are hereby **STRICKEN FROM THE RECORD**.[2] Defendant's corresponding assertions are **DEEMED ADMITTED** for the purposes of the factual background that follows.[3]

**C.   Factual Background**

Given the concession of plaintiff's *prima facie* case of disparate treatment by defendant and the limited nature of the motion for summary judgment, an extended factual background is unnecessary. What follows is a brief factual background composed of relevant uncontested facts meant to provide context for the Court's legal analysis. The Court may introduce further factual information or discuss submitted exhibits as necessary in the course of examining the contested claims.

---

[2] Plaintiff's opposing statement of uncontested facts contains two separate sets of paragraphs, both of which are entitled "Plaintiff's Statement of Uncontested Facts." (See Docket No. 23 at 1, 10.) The first set of paragraphs admits, qualifies, or denies the assertions contained in defendant's statement of uncontested facts. See id. at 1-10. The second set lists plaintiff's additional facts. See id. at 10-18. The paragraphs listed above which do not comply with Local Rule 56(c) are contained in plaintiff's first set of paragraphs.

[3] It appears that some of defendant's responses to plaintiff's additional facts also fail to deny those facts properly, especially those responses pointing to plaintiff's reliance on answers to interrogatories. (See Docket No. 27 at 5-9.) As discussed below, however, these facts are largely irrelevant to the Court's specific analysis of whether defendant's articulated nondiscriminatory reasons are pretext for discrimination. (See Docket No. 23 at 10-18.) Therefore, detailed consideration of whether any of the additional facts proposed by plaintiff are deemed admitted is unnecessary.

Civil No. 08-1701 (FAB)                                                          6

       Plaintiff is an employee of the Department of Veterans Affairs Medical Center in San Juan, Puerto Rico.  (Docket No. 23 at 10; Docket No. 27 at 5.)  During 2006, plaintiff applied for two positions within the Department, for which she was not selected.  (See Docket No. 16 at ¶¶ 5(a), 6(a); Docket No. 23 at 14, 16.)  The first position, Supervisor, Human Resources Specialist, was listed in vacancy announcement #2006-60.  (Docket No. 16 at ¶¶ 5(a)-5(b); Docket No. 23 at 2; Docket No. 16-6 at 3.)  Plaintiff applied for the position and interviewed with a selection panel composed of three members, Wilfredo Quiñones ("Quiñones"), Mariam Mendez Villanueva ("Villanueva"), and Lucy Reyes ("Reyes").  (Docket No. 16 at ¶¶ 5(b)-5(t); Docket No. 23 at 2-4; Docket Nos. 16-7, 16-8, & 16-9.)  The selection panel assigned scores to candidates and referred those scores to the then Human Resources Manager, Helen Nunci ("Nunci").  Id.  Plaintiff received the second highest score assigned by the interview panel, while another candidate, Omar Ahmed ("Ahmed"), received the highest score.  Id.  Nunci selected Ahmed for a second interview, and ultimately for the position of Supervisor, Human Resources Specialist.  (Docket No. 16 at ¶¶ 5(t)-5(z); Docket No. 23 at 5; Docket No. 16-6.)

       The second position, Equal Employment Manager, was listed in vacancy announcement #2006-90.  (Docket No. 16 at ¶ 6(a); Docket No. 23 at 5; Docket No. 16-6 at 4.)  A similar panel was convened to rank the potential candidates for the position.  (Docket No. 16

Civil No. 08-1701 (FAB)                                                7

at ¶¶ 6(b)-6(e); Docket No. 23 at 5-6; Docket No. 16-12.) Plaintiff was not selected for the position. (Docket No. 1 at ¶ 11.)

After Nunci selected Ahmed for the Supervisory Human Resources Specialist position, he learned of an opportunity to attend training seminars on the subject of "Administrative Investigations" outside Puerto Rico for which he could choose one the employees under his supervision. (Docket No. 16 at ¶¶ 7(a)-(n); Docket No. 23 at 8-10; Docket No. 16-16.) Plaintiff was one of the employees Ahmed could have selected for the training opportunity. Id. Ahmed chose to send another employee, Tito Santiago ("Santiago"), to the training seminars because Santiago had previously expressed an interest in the relevant subject matter. Id. Upon his selection as Supervisory Human Resources Specialist, Ahmed spoke with the employees under his supervision regarding their interest in particular areas of training. Id. Plaintiff expressed no particular interest in training. Id.

**II. Legal Analysis**

  **A.  Summary Judgment Standard**

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The rule states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

Civil No. 08-1701 (FAB)                                                8

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine."  Material means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is genuine when a reasonable jury could return a verdict for the nonmoving party based on the evidence.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that "[t]he mere existence of a scintilla of evidence" is

Civil No. 08-1701 (FAB)                                                     9

insufficient to defeat a properly supported motion for summary judgment.  Id. at 252.  It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  The court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

**B.   Disparate Treatment Claims**

Title VII makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  A plaintiff may rely on direct or circumstantial evidence to make a claim of employment discrimination.  See Hidalgo v. Overseas Condado, 120 F.3d 328, 332-33 (1st Cir. 1997).  The trial court must evaluate the evidence presented as a whole in order to determine if the evidence, whether direct or circumstantial, is sufficient for a

Civil No. 08-1701 (FAB)                                           10

reasonable fact-finder to infer that the employer's decision was motivated by a discriminatory animus based on membership in a protected class.  See Hidalgo, 120 F.3d at 335 (citing LeBlanc v. Great American Ins. Co., 6 F.3d 836, 843 (1st Cir. 1993).

Because it appears that plaintiff has not presented direct evidence of discrimination, the court proceeds to consider whether she has presented evidence sufficient to create genuine issues of material fact pursuant to the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  See Rivera-Aponte v. Rest. Metropol #3, Inc., 338 F.3d 9, 11 (1st Cir. 2003).  When relying on circumstantial evidence, a plaintiff must first establish a *prima facie* case under the McDonnell-Douglas burden-shifting framework.  Id.  The employee must establish:  (1) that he or she is a member of the protected class; (2) that his or her job performance and/or qualifications were satisfactory and met the employer's legitimate expectations; (3) that he or she suffered an adverse employment action; and (4) that defendant continued seeking a replacement or alternate candidate "with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills."  See Gonzalez v. El Dia, Inc., 304 F.3d 63, 68 (1st Cir. 2002); Gu v. Boston Police Dept., 312 F.3d 6, 11 (1st Cir. 2002); Feliciano de la Cruz v. El Conquistador Resort and Country Club, 218 F.3d 1, 5 (1st Cir. 2000); Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F.3d

Civil No. 08-1701 (FAB)                                                11

23, 25 (1st Cir. 1997); Mesnick v. General Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991). The required *prima facie* showing is not especially burdensome. See Greenberg v. Union Camp Corp., 48 F.3d 22, 26 (1st Cir. 1995); Sanchez v. P.R. Oil Co., 37 F.3d 712, 719 (1st Cir. 1994), Smith v. Stratus Computer, Inc., 40 F.3d 11, 15 n. 4 (1st Cir. 1994).

Establishing a *prima facie* case gives rise to an inference of discrimination. Mesnick, 950 F.2d at 823. While the burden of persuasion remains at all times with the plaintiff, the *prima facie* case shifts the burden of production to the employer, who must then articulate a legitimate non-discriminatory reason for the adverse employment action. Id. Articulating a legitimate, nondiscriminatory reason "entails only a burden of production, not a burden of persuasion; the task of proving discrimination remains the claimant's at all times." Id. (citing Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990). If the employer meets this limited burden, the presumption created by the *prima facie* case disappears and the plaintiff "must adduce sufficient . . . evidence that [membership in a protected class] was a motivating factor in the challenged employment action." Zapata-Matos v. Reckitt & Coleman, Inc., 277 F.3d 40, 45 (1st Cir. 2002). To show that membership in a protected class was a motivating factor, a plaintiff must show that the employer's reason

Civil No. 08-1701 (FAB)                                                12

is pretext, thus allowing the factfinder to infer "discriminatory animus" behind the challenged employment action.  Gonzalez, 304 F.3d at 69.  "It is not enough for a plaintiff to merely impugn the veracity of the employer's justification, he must 'elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's'" discriminatory motive.  Mesnick, 950 F.2d at 824 (quoting Medina-Munoz, 896 F.2d at 9).

### 1. Plaintiff's First and Third Disparate Treatment Claims

Defendant concedes that plaintiff has established a *prima facie* case of employment discrimination with regard to all three disparate treatment claims challenged in the motion for summary judgment.  (See Docket No. 17 at 15.)  Defendant only argues that plaintiff cannot prove by a preponderance of the evidence that his articulated nondiscriminatory reasons for the actions taken toward plaintiff are pretext for sex and national origin discrimination.  See id. at 16.  After reviewing the evidence submitted by the parties, the Court agrees with regard to the first and third disparate treatment claims challenged by defendant and finds that plaintiff has failed to carry her burden with regard to those two claims.

With regard to plaintiff's first disparate treatment claim based on the failure to select her for the position of Supervisor, Human Resources Specialist, defendant states that he

Civil No. 08-1701 (FAB)                                           13

hired the candidate who had the highest score based on the first round of interviews.  (Docket No. 17 at 16.)  Defendant also states that "the selecting official believed that the plaintiff did not possess the leadership skills needed for the position, whereas [the candidate selected] possessed leadership and supervisory skills beyond the qualifications for the position . . . ."  Id.  Defendant submits sworn statements from members of the panel who evaluated candidates for the position regarding the manner in which scores were calculated.  (Docket No. 16 at ¶¶ 5(b)-5(z); Docket No. 23 at 2-5; Docket No. 16-7 at 6-17; Docket No. 16-8 at 6-14; Docket No. 16-9 at 6-14.)  These panel members confirmed that they rated Ahmed as the highest scoring candidate and plaintiff as the second highest scoring candidate.  Id.  Further, defendant submits an affidavit from Nunci in which she details the reasons she selected Ahmed for the position rather than plaintiff, including the leadership qualities which Nunci considered essential for the position.  (Docket No. 16-6 at 3.)

          Regarding plaintiff's third claim of disparate treatment based on alleged denial of skill training, defendant submits a sworn declaration from Ahmed stating that he selected a male employee, Santiago, for the training referred to by plaintiff, which was an "Administrative Investigations" training outside of Puerto Rico.  (Docket No. 16 at ¶¶ 7(g)-7(k); Docket No. 23 at 9; Docket No. 16-16 at 2-3.)  Ahmed states that Santiago was selected

Civil No. 08-1701 (FAB)                                                                14
_____

for the "Administrative Investigations" training due to Santiago's interest in that subject matter, expressed in previous discussions between Santiago and Ahmed.  Id.  Ahmed's declaration and a statement from Nunci further reveal that plaintiff did not request training from either supervisor.  Id.; (Docket No. 16 at 7(d); Docket No. 23 at 9; Docket No. 16-6 at 5.)  Furthermore, according to Ahmed's declaration, plaintiff was selected for subsequent training outside of Puerto Rico, but failed to actually attend any seminars involved with that training.  (Docket No. 16 at ¶¶ 7(o)-7(p); Docket No. 23 at 10; Docket No. 16-16 at 3-4.)

        Plaintiff has submitted no evidence demonstrating that defendants articulated nondiscriminatory reasons for these actions are pretext for discrimination based on sex or national origin.  (See Docket No. 22.)  The admissible evidence which plaintiff has submitted primarily bears on the issues of plaintiff's administrative record, which the court does not consider in the present motion, and plaintiff's *prima facie* case, which defendant has conceded.  (See Docket No. 16 at 10-18.)  Plaintiff's legal analysis is limited to a brief discussion of the continuing violation doctrine and a review of the summary judgment standard.  (See Docket No. 22 at 4-9.)  Plaintiff makes no argument regarding defendant's articulated nondiscriminatory reasons and points to no evidence which would show those reasons to be pretext for discrimination.  See id.

Although defendant concedes that plaintiff has established a *prima facie* case of sex and national origin discrimination with regard to the two disparate treatment claims addressed in the motion for summary judgment, he has articulated nondiscriminatory reasons for the actions taken toward plaintiff and submitted evidence to support those reasons.  Under the McDonnell-Douglas burden shifting regime, plaintiff is required to establish that those articulated reasons are pretext for discrimination.  See Gonzalez, 304 F.3d at 69; Mesnick, 950 F.2d at 824.  Plaintiff has failed to make any argument or submit any evidence to that effect.  Accordingly, these two disparate treatment claims are hereby **DISMISSED WITH PREJUDICE.**

### 2.    **Plaintiff's Second Disparate Treatment Claim**

With regard to plaintiff's second claim of disparate treatment regarding the failure to select her for the position of Equal Employment Manager, defendant states that while "plaintiff met the qualifications for the position, . . . her score of 19 was well below the cutoff score of 24 determined by the rating panel for applicants to be referred for selection consideration . . . ." (Docket No. 17 at 16.)  Defendant submits only a report regarding the investigation and a letter notifying plaintiff of her non-

Civil No. 08-1701 (FAB)                                       16

selection, neither of which appear to be admissible.[4] (Docket No. 16-13; Docket No. 16-14.)  Furthermore, neither document is accompanied by an authenticating affidavit as required under Federal Rule of Civil Procedure 56(e).  See id.; Rivera Maldonado v. Hosp. Alejandro Otero Lopez, 614 F. Supp. 2d 181, 185 n. 1 (D.P.R. 2009); Fed.R.Civ.P. 56(e).  Given this lack of properly submitted evidence regarding defendant's nondiscriminatory reason, the presumption created by plaintiff's *prima facie* case for her third claim of disparate treatment stands.  Accordingly, defendant's request to dismiss this claim is **DENIED**.

### III. CONCLUSION

For the reasons expressed above, the Court **GRANTS IN PART AND DENIES IN PART** defendant's motion for summary judgment, (Docket No. 15).  Plaintiff's disparate treatment claims based on not being selected for the position of Supervisor, Human Resources Specialist and being denied skill training are hereby **DISMISSED WITH PREJUDICE**.  Plaintiff's disparate treatment claim based on not being selected for the position of Equal Employment Manager and

---

[4] Although defendant submits a sworn statement from one of the panel members who evaluated candidates for the position, that statement does not support defendant's nondiscriminatory reason for plaintiff's non-selection inasmuch as the panel member could not recall any details regarding the scoring system used, plaintiff's score, or whether plaintiff was selected for consideration. (See Docket No. 16-12.)

Civil No. 08-1701 (FAB)                                                        17

plaintiff's claims not addressed in the motion for summary judgment remain scheduled for trial on May 10, 2010.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 21, 2010.

                                            s/ Francisco A. Besosa
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE